Not for Publication

**United States District Court
for the District of New Jersey**

---

TERRENCE M. PATTERSON,

        Movant

v.

UNITED STATES,

        Respondent

Civil No.: 12-1066 (KSH)

**OPINION**

---

**Katharine S. Hayden, U.S.D.J.**

    In 2007, Terrence Patterson pleaded guilty to a single count of possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1) & (2). The plea agreement contained an appellate/collateral attack waiver that prohibited Patterson from "challeng[ing] the sentence imposed by the sentencing court if that sentence falls within or below" a Guidelines range corresponding to an offense level of 23.

    This Court sentenced Patterson to 84 months of imprisonment and three years of supervised release via judgment entered February 7, 2008. (*See* Plea Agreement & Judgment [D.N.J. Crim. No. 2:03-cr-00801 D.E. 24, 27].) The Court departed eight months below the Guidelines level 23 range of 92 to 115 months because Patterson had been detained pretrial at the Passaic County Jail. (*See* Sentencing Tr. 21:18–22:20, 24:20–25:10 [D.E. 5-2].) Patterson did not take a direct appeal.

    Presently before the Court is a 28 U.S.C. § 2255 motion to vacate that Patterson filed pro se in January 2012. [D.E. 1.] He alleges that trial counsel was ineffective for failing to

1

adequately explain the ramifications and conditions of his guilty plea, claiming that he was "informed by [his] attorney that [he would] be receiving a lesser sentence and term of probation." The government has answered the motion [D.E. 5], and Patterson has not filed a traverse.

As an initial matter, the record reflects that Patterson was released from prison in July 2012, shortly after he filed his motion and before the government answered. [*See* D.E. 6, 10.] Because Patterson was "in custody" at the time of filing, *United States v. Essig*, 10 F.3d 968, 970 n.3 (3d Cir. 1993), and because he is still serving a term of supervised release, the Court retains jurisdiction over the motion. *See Dawson v. Scott*, 50 F.3d 884, 886 (11th Cir. 1995); *United States v. Romero-Vilca*, 850 F.2d 177, 179 (3d Cir. 1988).

The government maintains in its answer that the motion must be dismissed as untimely filed, and the Court agrees. Outside of exceptions not relevant in this case, § 2255 motions must be filed within one year of the "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "If a defendant does not pursue a timely direct appeal to the court of appeals," which is the circumstance here, a judgment is "final" on "the date on which the time for filing such an appeal expired." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). At the time judgment was entered, the Federal Rules of Appellate Procedure prescribed a ten-day appellate period in criminal cases. *See* Fed. R. App. P. 4(b)(1)(A) (2008). Hence, Patterson's conviction became final, and the one-year limitations period began to run, on February 22, 2008. *See* Fed. R. App. P. 26(a)(2)–(3) (2008) (excluding intermediate weekends and holidays for periods of fewer than 11 days). This § 2255 motion was filed approximately four years later—nearly three years too late. Patterson cannot contend that he only recently discovered the factual predicate of his ineffectiveness claim, and he does not otherwise argue that he is entitled to

2

equitable tolling of or an actual-innocence equitable exception to the one-year limitations period. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013).

Accordingly, because the § 2255 motion is plainly untimely and because jurists of reason would not debate its untimeliness, the Court will dismiss it and will not issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).


Dated: July 23, 2014

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.